UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDY DERRICK,

             Plaintiff,

v.

STATE OF WASHINGTON, et al,

             Defendants.

Case No. 2:23-cv-01161-LK-TLF

REPORT AND RECOMMENDATION

Noted for: December 15, 2023

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action against defendants State of Washington, Skagit County, Donald Marlow, Elias Salinas, C. Wesley Richards, Elissa Brine, Keenan Williams, Abigail Tullius, Richard Weyrich, and Sherry Kness. Dkt. 7; Dkt 8 at 1, 3-4. Pending before the Court is defendant State of Washington's Motion to Dismiss. Dkt. 23. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends the Court grant Defendant State of Washington's motion.

FACTUAL BACKGROUND

Plaintiff is currently held pending trial in the Skagit County Justice Center and brings civil rights claims under 42 U.S.C. § 1983. Plaintiff alleges that (1) he was denied proper mental health care and medication, (2) his assigned public defender is ineffective,

REPORT AND RECOMMENDATION - 1

(3) his living quarters are inappropriate given a knee injury and his concerns were ignored by Defendant Salinas, (4) he was denied medical care for his knee injury, (5) he was not afforded resources for spiritual growth, and (6) staff shortages at the Skagit County Justice Center have impeded his attorney visits and his right to effective representation. Dkt. 8 at 5-10.

In his prayer for relief, plaintiff asks for injunctive relief to end harassment from Defendant Salinas. He also asks for his "mental state to be taken seriously." *Id*. at 11. Further, he asks for medical attention for his knee, correct meals, and ways to receive spiritual guidance. *Id*. Finally, he asks that the Court "hold Skagit County accountable for having [an] approved facility with integrity and accountability and some of the money." *Id*.

## DISCUSSION

There are no allegations against any state officials or employees in the complaint; plaintiff asserts that Skagit County is an entity defendant and each of the named defendants appear to be Skagit County officials or employees. Dkt. 8.

The Court's review of a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court held in *Ashcroft v. Iqbal,* 680 U.S. 662, 678 (2009): "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" must be contained in the complaint in order to survive a motion to dismiss under FRCP 12(b)(6).

A pro se complaint must be liberally construed. *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017). All material factual allegations in the complaint "are

NOTED FOR: DECEMBER 15, 2023 - 2

1 taken as admitted," and the complaint is to be liberally "construed in the light most
2 favorable" to the plaintiff. *Id.*; *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

3       The State is not a "person" and therefore is not a proper defendant. *Will v.*
4 *Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989); *Hale v. Arizona,* 993 F.2d
5 1387, 1398-99 (9th Cir. 1993) (en banc) (Arizona Department of Corrections is an arm
6 of the State of Arizona). Section 1983 applies to the actions of "persons" acting under
7 the color of state law. *Will*, 491 U.S. at 65, 71. Additionally, the Eleventh Amendment
8 bars suit for damages in federal court against a state or an agency acting under state
9 control — unless there is a clear and equivocal waiver. *See Alabama v. Pugh,* 438 U.S.
10 781, 782 (1978) (per curiam). There are situations where a state officer may be sued in
11 their official capacity for prospective injunctive relief, if that state officer is responsible
12 for carrying out a policy, practice, or custom of the State that plaintiff claims as having
13 caused a violation of federal law. *Kentucky v. Graham,* 473 U.S. 159, 168-169 (1985);
14 *Edelman v. Jordan,* 415 U.S. 651, 677 (1974).

15     The Court should dismiss the State as an entity defendant. There are no
16 allegations in the complaint to assert a plausible set of facts that would create a viable
17 cause of action against any state official or employee acting in their official capacity.
18 There is no evidence the State of Washington has waived its Eleventh Amendment
19 immunity in federal courts. Therefore, the State cannot be sued for damages under §
20 1983.

21                            CONCLUSION

22     For the foregoing reasons, the undersigned recommends that the Court GRANT
23 Defendant State of Washington's motion to dismiss. Plaintiff cannot amend his
24
25

complaint to properly state a claim against the defendant as the State of Washington is not a "person" under § 1983. *See Will*, 491 U.S. at 65, 71. Further, plaintiff's suit for damages is barred by the Eleventh Amendment. *See Pugh*, 438 U.S. at 782. Because any amendment to plaintiff's complaint would be futile, the Court should dismiss any claims against the State with prejudice. *See Gardner v. Martino*, 563 F.3d 981, 991-92 (9th Cir. 2009).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on December 15, 2023, as noted in the caption.

Dated this 13th day of November, 2023.

Theresa L. Fricke
United States Magistrate Judge