UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDY DERRICK,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON,<br><br>    Defendants. | Case No. 2:23-cv-01161-LK-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for: January 12, 2024 |

This matter comes before the Court on two separate motions: defendants Skagit County, Donald Marlow, Elias Salinas, C. Wesley Richards, Elissa Brine, Richard Weyrich, Keenan Williams, and Sherry Kness's (collectively "Skagit County defendants") motion to dismiss (Dkt. 26), and defendant Abigail Tullius's motion to dismiss (Dkt. 30).

This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. For the reasons set forth below, the undersigned recommends that the Court dismiss defendants Elissa Brine, Wesley Richard, and Richard Weyrich as improper defendants. The undersigned recommends that plaintiff be given an opportunity to amend his complaint as discussed further below.

REPORT AND RECOMMENDATION - 1

FACTUAL BACKGROUND

Plaintiff is unrepresented by counsel for this litigation and is currently a pretrial detainee at Skagit County Justice Center. Dkt. 1. Plaintiff's complaint asserts five causes of action related to conditions of confinement including: (1) his prescription for a psychiatric medication was abruptly terminated, (2) his public defender has not taken actions he requested, (3) he was moved to a top bunk, (4) the facility lacks spiritual resources, and (5) the facility is understaffed to the point that inmates are unable to meet with their attorneys in preparation for trial. Dkt. 8, Complaint.

Plaintiff has pled additional facts in his responses to both pending motions to dismiss (Dkts. 35, 36), however, the Court should not consider these allegations in its consideration of the motions to dismiss, because the Court's review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is limited to the complaint and documents incorporated into the complaint by reference, or information attached to or referenced in the complaint that is appropriate for judicial notice. *Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

STANDARD OF REVIEW

Dismissal would be proper under Fed. R. Civ. P. 12(b)(6) if plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability

NOTED FOR: JANUARY 12, 2024 - 2

requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe the complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Id*.

DISCUSSION

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed.

*Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), requires that prisoners seeking to bring Section 1983 claims must first exhaust their administrative remedies:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C § 1997e(a).

All defendants argue that plaintiff's claims should be dismissed because plaintiff fails to allege that he satisfied the jails grievance procedures. Dkt 26 at 6-7, Dkt. 30 at 6-7. However, the Ninth Circuit has held that "[i]n a few cases, a prisoner's failure to exhaust may be clear from the face of the complaint. However, such cases will be rare because plaintiff is not required to say anything about exhaustion in his complaint." *Albino v. Baca*, 747 F.3d 1162, 1169 (2014). If failure to exhaust is not clear on the face of the complaint, "[f]ailure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'" *Id*. at 1166 (quoting *Jones v. Bock*, 548 U.S. 199, 204 (2007).

Here, it is not clear on the face of plaintiff's complaint that he failed to exhaust his administrative remedies. Plaintiff refers to kiting his concern with his medication, and alleges that he "cant kite for spiritual resources." Dkt. 8 at 6, 10. Thus, construed

liberally, plaintiff has asserted that at he has exhausted, or attempted to exhaust, at least some of his claims. Dismissal on this affirmative defense should be denied at this time.

**B. Improper Defendants**

    1. Public Defenders

To state a claim under Section 42 U.S.C. § 1983, the defendant must be a person *acting under color of state law,* and the defendant's conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986). A plaintiff may only bring a Section 1983 action against a private individual if the private individual conspired or entered into a joint action with a state actor. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 783 (9th Cir.), *cert denied*, 534 U.S. 1020 (2001). Public defense lawyers do not act under color of state law when performing the functions of representing a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002).

For the conduct of a private party to be under color of state law the conduct must be fairly attributed to the State. *Collins v. Womancare*, 878 F.2d 1145, 1151 (9th Cir. 1989). Conduct is fairly attributable to the state when 1) the deprivation is caused by the exercise of some right or privilege created by the state by a person for whom the state is responsible, or 2) when the party charged with the deprivation may fairly be said to be a state actor. *Id*. at 1151.

Plaintiff names public defender Elissa A. Brine, his former assigned counsel, and C. Wesley Richards, the public defender director, as defendants. Dkt. 8 at 4. Plaintiff's

claims against Ms. Brine are: she has not taken actions on his complaints he has relayed, including his complaints about his psychiatric medication. *Id*. at 7. Plaintiff relatedly alleges that he complained to Director Richards about Ms. Brine's representation, and he was told that a new public defender would not be appointed. *Id*. These actions are related to the lawyer's traditional responsibilities and role representing a client in a criminal case. Public defenders, acting in a traditional lawyer role, are not acting under the color of state law and therefore their actions are not attributable to the state. See *Polk* 454 U.S. 312 at 324-325.

It is not enough for plaintiff to allege that his rights were violated – Section 1983 requires plaintiff to show that the alleged violation is attributable to a person acting under the color of state law. See *Collins*, 878 F.2d at 1151. Plaintiff has failed to do so, and it does not appear that additional amendment could cure the deficiencies. Therefore, the Court recommends that the claims against defender Elissa A. Brine, and C. Wesley Richards, the public defender director, be dismissed with prejudice and without leave to amend.

2. Prosecutor

Under 42 U.S.C. § 1983, prosecutors are entitled to absolute immunity from liability for damages when they are acting "within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (affirming a Ninth Circuit decision to dismiss a civil claim against a prosecutor because he was acting in his official capacity).

Plaintiff names Richard Weyrich (aka Richard Wierich), the elected prosecuting attorney, as a defendant. Dkt. 8 at 4. Plaintiff fails to name any claims against defendant Weyrich in the body of the complaint. However, as defendant acted in their official capacity, and plaintiff has not shown otherwise, defendant enjoys absolute immunity from civil suits brought under § 1983 and is improperly named. Therefore, the Court recommends that the claims against defendant Weyrich be dismissed with prejudice and without leave to amend.

### 3. Skagit County Justice Center

Skagit County Justice Center is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. Section 1983 applies to the actions of "persons" acting under color of state law. Municipalities are subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Owen v. City of Independence, Mo.*, 445 U.S. 622, 637 (1980) (holding § 1983 is expansive and does not expressly incorporate common law immunities). But "to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred." *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008) (holding Seattle Police Department is not a legal entity capable of being sued under § 1983) (citing *Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (1990)).

Plaintiff's complaint also fails to allege sufficient facts to state a viable cause of action against Skagit County. To set forth a § 1983 claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official

custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Monell* 436 U.S. 658 at 690. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Id*. at 694; *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021).

Plaintiff has not done so. In his request for relief plaintiff states that he would like to "hold Skagit County accountable for having a aproved facility with integrity and accountability." Dkt. 8 at 11. Broadly construed, plaintiff's claims related to the lack of spiritual resources, understaffing – which has impacted the ability for inmates to meet with attorneys in preparation for trial – the care of plaintiff's knee, and treatment of plaintiff's mental health conditions, potentially could state a plausible cause of action under the theory of *Monell* liability against Skagit County. However, in order to state a successful claim plaintiff would need to show that these alleged deprivations of his constitutional rights are related to a policy of Skagit County, which plaintiff has not done. Therefore, the Court recommends that the claims against Skagit County Justice Center be dismissed without prejudice, and with leave to amend.

C. **Rule 8**

Under Fed. R. Civ. P. 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must allege a set of facts that would show they are plausibly entitled to Section 1983 relief. Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Ashcroft v. Iqbal,* 556 U.S. 662, 681

1  (2009); *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

1. <u>County Defendants</u>

    i. Chief Donald Marlow aka Marlow

A Section 1983 suit cannot be based on vicarious liability alone. Rather, it must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A supervisor who did not personally participate in the alleged misconduct may be held liable only "based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). "Thus, a supervisor may 'be liable in [their] individual capacity for [their] own culpable action or inaction in the training, supervision, or control of [their] subordinates; for [their] acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'" *Rodriguez v. County of Los Angeles,* 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Keates v. Koile,* 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation omitted)).

The other category of claim that may be brought under Section 1983 against a supervisory agency official, would be concerning the official's authority to implement

policy in their official capacity. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *McRorie v. Shimoda,* 795 F.2d 780, 783 (9th Cir. 1986).

Plaintiff does not assert any claims against defendant Marlow in the body of the complaint. Therefore, his complaint is insufficient to support claims against defendant Marlow and the Court recommends that the claims against defendant Marlow be dismissed without prejudice and with leave to amend.

ii.   Elias Salinas aka C.O Selinas

Plaintiff claims that defendant Salinas instructed plaintiff to move to a top bunk because there were no lower bunks available. Dkt. 8 at 8-9. Plaintiff states that his knee got watery from jumping up and down and he may need surgery from aggravating a pre-knee injury. *Id*. at 9.

"Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n. 5 (9th Cir. 2016) (*citing Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)). Even though conditions of confinement claims brought by pretrial detainees arise under the Due Process Clause, the guarantees of the Eighth Amendment "provide a minimum standard of care for determining rights as a pretrial detainee." *Gordon v. County of Orange,* 888 F.3d 1118, 1122 (9th Cir. 2018).

To state a Fourteenth Amendment claim relating to medical care of a pre-trial detainee, a plaintiff must include factual allegations that a state actor acted, or failed to act, in a manner that shows objective deliberate indifference to their serious medical needs. *Gordon,* 888 F.3d at 1124-25.

> The elements are:"(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."

*Id.,* at 1125. The defendant's conduct must be objectively unreasonable; concerning element (iii), plaintiff is required to show more than negligence, but less than subjective intent – "something akin to reckless disregard." *Id.* (citations and internal quotations omitted).

Plaintiff must show his medical condition is "objectively a serious one." *Brock v. Wright,* 315 F.3d 158, 162 (2nd Cir. 2003). Seriousness of the condition may be present where there is:

> … The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain…

*McGuckin*, 974 F.2d 1050, 1059-60 (9th Cir. 1992); *see also Brock*, 315 F.3d at 162.

Here plaintiff has alleged that his knee is "watery" and the nurses are only able to give him naproxen. Dkt. 8 at 8-9. However, it is unclear whether plaintiff made defendant Salinas aware of the issues with plaintiff's knee when plaintiff was directed to sleep in an upper bunk and therefore he has not shown that he was deliberately indifferent to plaintiff's knee. Accordingly, the Court recommends that plaintiff's claim against defendant Salinas be dismissed without prejudice and with leave to amend.

        iii.  Keenan Williams aka C.O. K. Willaims and Sherry Kness aka C.O. Kness

1     Plaintiff has not alleged any claims against defendant Williams or defendant Kness in the body of the complaint. Therefore, the Court recommends these defendants be dismissed without prejudice and with leave to amend.

    2. <u>Abigail Tullius, MSN, ARNP aka Abby</u>

    Defendant Tullius does not dispute that she acted under the color of state law while providing medical care to pretrial detainees of Skagit County Justice Center. The Supreme Court has concluded, in the prison context, that a physician under contract to provide medical services to inmates was a state actor for purposes of § 1983. *West v. Atkins*, 487 U.S. 42, 55-56 (1988). In *West*, the court found determinative the fact that the state had a duty to provide adequate medical care to prisoners and that the state had delegated this duty to a private contractor. *Id*. Interpreting the Complaint liberally in this case, and assuming the truth of the allegations, defendant Tullius would have been acting under color of state law, and the Court will analyze plaintiff's claims as such.

    Plaintiff's first claim alleges that his prescription for a psychiatric medication was abruptly terminated with no way of re-prescribing, and he has been given no solution for his mental state, including that he has not been allowed to see the mental health provider. Dkt. 8 at 5-6. Plaintiff states that he needs the medication to be coherent for his trial and "to keep the voices down." *Id*. at 5.

    He also alleges that he receives these medications outside of custody. *Id*. Plaintiff states that defendant Tullius is the provider. *Id*. Plaintiff does not allege a specific mental health diagnosis but does allege serious symptoms such as lack of coherence and "voices" *See* Dkt. 8 at 5.

He also alleges that defendant (a nurse) terminated his medication because she saw him checking his medication. *Id*. Plaintiff argues that he has suffered harm because he is "not sure what is real in my mind and am being completely neglected of my mental state while I witness others receive whats asked and I'm supposed to be coherent for a trial. . .." *Id*. at 6. It is not entirely clear what plaintiff is alleging was defendant Tullius' role in plaintiff's mental health care and the choice to terminate his medication. *See* Dkt. 30 at 5. Therefore, the Court recommends that the claims against defendant Tullius be dismissed without prejudice and with leave to amend.

## CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's claims against defendants Elissa Brine, Wesley Richard, and Richard Weyrich be dismissed with prejudice and without leave to amend.

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d

708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

The Court recommends that plaintiff's claims against defendants Donald Marlow, Keenan Williams, Sherry Kness, and Abigail Tullius be dismissed without prejudice and with leave to amend.

The Court reminds plaintiff that if he files an amended complaint it must be legibly written or retyped in its entirety and contain the same case number. All claims that he wishes to bring against each defendant must be raised in the Amended Complaint, and the Court will not consider claims raised by a separate memorandum or other filing. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **January 12, 2024** as noted in the caption.

1  Dated this 19th day of December, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

NOTED FOR: JANUARY 12, 2024 - 15