UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDY DERRICK,<br><br>      Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON et al.,<br><br>      Defendants. | CASE NO. 2:23-cv-01161-LK-TLF<br><br>ORDER ADOPTING REPORTS AND RECOMMENDATIONS AND OVERRULING OBJECTIONS |

  This matter comes before the Court on two Reports and Recommendations ("R&Rs") from United States Magistrate Judge Theresa L. Fricke, Dkt. Nos. 32, 42, Plaintiff Randy Derrick's objections, Dkt. Nos. 33, 36, 38, 44, and Defendants' responses to those objections, Dkt. Nos. 37, 45. Having reviewed the record and the applicable law, the Court overrules Mr. Derrick's objections, adopts the R&Rs, dismisses Mr. Derrick's complaint, and grants him leave to file an amended complaint.

## I. BACKGROUND

  In July 2023, Mr. Derrick, who is proceeding pro se and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 challenging the conditions of his pre-trial confinement at the Skagit County

1  Justice Center. Dkt. No. 7 at 1; Dkt. No. 8 at 2, 4–11. The complaint lists as Defendants the State
2  of Washington; the Skagit County Justice Center; Chief Marlow; C.O.s Williams, S[a]linas, and
3  Kness; Public Defenders C. Wesley Richards and Elissa Brine; Skagit County Prosecuting
4  Attorney Richard W[ey]rich; and "Provider Abby." Dkt. No. 8 at 1, 3–4.

   Mr. Derrick alleges in Count I that someone at the Justice Center—possibly Abby—abruptly terminated his prescription for a psychiatric medicine that he needs to "keep the voices down" and remain "coherent for [his] trial[.]" *Id.* at 5–6. He attached a document in which someone checked the box indicating the presence of a "[p]re-existing mental health condition" and wrote that Mr. Derrick is "managing well in jail" and "[t]here is no indication for [him] to see the Mental Health Provider." *Id.* at 12.

   In Count II, Mr. Derrick contends that Public Defender Brine has not complied with his requests or assisted him with his medication issue, and she has "done nothing" on his case. *Id.* at 7–8. Mr. Derrick avers that he called Public Defender "Director" Richards and complained that Ms. Brine "will do nothing" Mr. Derrick has asked of her, and Director Richards refused to appoint another Public Defender or elevate another Public Defender to lead counsel. *Id.* at 4, 7–8.

   In Count III, Mr. Derrick avers that C.O. Salinas required Mr. Derrick to move to a top bunk even though he "had a bottom [bunk] med pass" and his knee "got watery" from "jumping up and down" to and from the top bunk. *Id.* at 8–9. He states that the nurses at the facility have given him only Naproxen for relief and he may need knee surgery and/or a Cortisone injection. *Id.* at 9, 11.

   Mr. Derrick also complains that he has been denied "resources for spiritual growth." *Id.* at 10. Finally, Mr. Derrick contends that the Justice Center has been understaffed throughout his stay, resulting in limited attorney visits. *Id.* All Defendants filed motions to dismiss. Dkt. Nos. 23, 26, 30.

A.     The State's Motion to Dismiss

The State of Washington moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), contending that the complaint includes no factual allegations against it, Eleventh Amendment immunity bars Mr. Derrick's Section 1983 claim, and the State is not a "person" subject to liability under Section 1983. Dkt. No. 23 at 2–4. Judge Fricke agreed and recommended that the Court grant the State's motion to dismiss without leave to amend. Dkt. No. 32 at 3–4.

Mr. Derrick filed objections. Dkt. Nos. 33, 36, 38. He argues that the State is a proper defendant because "one of their state representatives Richard Weyrich has willingly and knowingly violated [his] rights to a speedy trial[.]" Dkt. No. 38 at 2. He also contends that he is being detained "on accusations or a hold from the State of Washington," and the facility is required "to follow mandatory State regulations for detaine[e]s" including providing proper nutrition and medical care. *Id.* at 2–3. Finally, Mr. Derrick avers that the State is responsible for providing effective counsel. *Id.* at 4. The State filed a response to the objections and argued that Judge Fricke correctly determined that it has not waived its Eleventh Amendment immunity and it is not a "person" under Section 1983. Dkt. No. 37 at 1–2.

B.     The County Defendants' and Abigail Tullius's Motions to Dismiss

Skagit County and its employees—Brine, Kness, Marlow, Richards, Salinas, Williams, and Weyrich (the "County Defendants")—also filed a motion to dismiss. Dkt. No. 26. The County Defendants contended that Mr. Derrick failed to (1) state a claim, (2) exhaust his administrative remedies, (3) allege that Defendants Marlow, Weyrich, Williams, and Kness did anything wrong, or (4) state a claim for municipal liability under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). *Id.* at 5–10. The County Defendants also averred that Mr. Derrick's claim against the Public Defenders is moot because they no longer represent him and their conduct

"cannot affect his defense," they did not act under color of state law, and Mr. Derrick did not identify any constitutional violation he suffered as a result of their actions. *Id.* at 7–8.

Defendant Abigail Tullius, identified in the complaint as "Provider Abby," filed a separate motion to dismiss. Dkt. No. 30. She contended that the complaint does not identify her allegedly wrongful conduct or state the elements of a deliberate indifference claim based on medical care. *Id.* at 5–6. Ms. Tullius also averred that Mr. Derrick failed to allege that he exhausted his administrative remedies. *Id.* at 6–7.

Judge Fricke recommended rejecting Defendants' assertion that Mr. Derrick failed to exhaust his administrative remedies because where, as here, that deficiency is not clear on the face of the complaint, failure to exhaust under Section 1983 is "an affirmative defense the defendant must plead and prove." Dkt. No. 42 at 4–5. Next, Judge Fricke recommended that the Court dismiss the claim against Ms. Brine and Mr. Richards with prejudice because "[p]ublic defense lawyers do not act under color of state law when performing the functions of representing a defendant in a criminal proceeding." *Id.* at 5–6. Judge Fricke also recommended that the Court dismiss the claim against Mr. Weyrich with prejudice because the elected Prosecuting Attorney is absolutely immune from liability for damages under Section 1983. *Id.* at 6–7. Judge Fricke further recommended that the Court dismiss the claims against the Skagit County Justice Center with prejudice because it "is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action." *Id.* at 7.

The R&R also recommended dismissal of Mr. Derrick's claim against Defendants Marlow, Williams, and Kness without and prejudice and with leave to amend because the complaint did not allege any facts against them. *Id.* at 9, 11–12. Finally, the R&R recommended dismissal without prejudice and with leave to amend of Mr. Derrick's claim against Mr. Salinas and Ms. Tullius because the few facts alleged were insufficient to show a constitutional violation. *Id.* at 10–13.

ORDER ADOPTING REPORTS AND RECOMMENDATIONS AND OVERRULING OBJECTIONS - 4

1    Mr. Derrick's objections repeat the allegations in his complaint that the Skagit County
2 Justice Center needs to improve its processes, it has failed to meet his medical needs, and the
3 Public Defender's Office needs to "appoint [e]ffective counsel" rather than seeking continuances
4 without his permission and in violation of his speedy trial rights. Dkt. No. 44 at 1–2. The County
5 Defendants and Ms. Tullius filed a joint response to the objections. Dkt. No. 45. They argue that
6 Mr. Derrick's objections were untimely, he did not note them as required by Local Civil Rule
7 72(b), he merely restates his claims, and his assertion of new facts does not save his deficient
8 complaint. *Id.* at 2.

## II.  DISCUSSION

### A.  Standards for Reviewing a Report and Recommendation

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a party objects. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). However, the Federal Magistrates Act "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see Reyna-Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

### B.  Standards for Motions to Dismiss

When deciding a motion under the Rule 12(b)(6) standard, a court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those

allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) (conclusory allegations of law and unwarranted inferences will not survive a motion to dismiss).

Furthermore, a court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008) (quoting *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007)). A court is permitted to take judicial notice of matters of public record outside of the pleadings. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988). A district court does not abuse its discretion under Rule 12(d) when it does not consider matters that would require conversion of a 12(c) motion into one for summary judgment. *See Barnes v. Kris Henry, Inc.*, No. 20-17141, 2022 WL 501582, at *1 (9th Cir. Feb. 18, 2022).

C.  **Standards for Section 1983 Liability**

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To establish liability under Section 1983, "a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws

of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quoting *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011)); *see also Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred" (quotation marks and citation omitted)). Vague or conclusory allegations of participation in civil rights violations, however, are insufficient to support a claim under Section 1983. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Claims of violations of the right to adequate medical care are evaluated under an "objective deliberate indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). To prevail under that standard, a plaintiff must allege that (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries. *Id.* at 1125. The defendant's conduct with respect to the third element must be objectively unreasonable, i.e., more than negligence and something akin to reckless disregard. *Id.*; *see also Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).

In addition, a plaintiff must allege that each defendant personally participated in the conduct alleged to have violated his constitutional rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see also Burghart v. S. Corr. Entity*, C22-1248-TSZ, 2023 WL 1766258, at *3–4 (W.D. Wash. Feb. 3, 2023) (explaining the elements of a Section 1983 claim for inadequate

medical care against individuals and against an entity). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A supervisor who did not personally participate in the alleged misconduct may be held liable only "based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). "Thus, a supervisor may 'be liable in [their] individual capacity for [their] own culpable action or inaction in the training, supervision, or control of [their] subordinates; for [their] acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'" *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018)).

**D.      The Court Dismisses the State of Washington Without Leave to Amend**

In his objections, Mr. Derrick contends that Mr. Weyrich prosecuted him as a representative of the State of Washington and the Skagit County Justice Center is required to follow State regulations. Dkt. No. 38 at 2. Those allegations, even if true, do not undermine the State's Eleventh Amendment immunity or demonstrate a waiver of that immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Furthermore, the State is not a "person" within the meaning of Section 1983. *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 64 (1989); *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022). The Court thus adopts the R&R's analysis and conclusions regarding the State, Dkt. No. 32 at 2–3, overrules Mr. Derrick's objections, Dkt. Nos. 33, 36, 38, and dismisses Mr. Derrick's claim against the State with prejudice and without leave to amend because it is clear that the deficiencies cannot be cured by further amendment. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless

it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

E.  **The Court Dismisses Defendants Weyrich, Brine, Richards, and the Skagit County Justice Center Without Leave to Amend**

The Court first considers Defendants' request to strike Mr. Derrick's untimely objections to Judge Fricke's second R&R. Dkt. No. 45 at 2; *see also* Dkt. No. 44. The Court declines to strike the objections because Mr. Derrick is proceeding pro se and considering his objections does not change the result. However, the Court reminds Mr. Derrick that pro se parties, like all litigants, "are subject to the same procedural requirements as other litigants," *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022), and he must comply with all Court rules and orders. Further late filings may be stricken.

Turning to the merits, the Court agrees with Judge Fricke that it is not clear from the face of the complaint that Mr. Derrick has failed to exhaust his administrative remedies, and therefore dismissal based on failure to exhaust is unwarranted. Dkt. No. 42 at 4–5; *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (explaining that the affirmative defense of failure to exhaust administrative remedies may be raised "in those rare cases where a failure to exhaust is clear from the face of the complaint"). The Court further agrees with Judge Fricke that Mr. Derrick's claim against the Skagit County Justice Center is untenable because as Judge Fricke observed, it is not a legal entity capable of being sued under Section 1983. Dkt. No. 42 at 7; *see also Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008) ("In order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred."). Rather, the proper government defendant would be Skagit County. If Mr. Derricks seeks to impose liability

on a municipality such as the County, he must allege that a municipal employee committed a constitutional violation and was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker." *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014); Dkt. No. 42 at 7–8. Stated another way, he must show that (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy, practice, or custom; (3) that policy, practice or custom amounted to deliberate indifference to his constitutional right; and (4) the policy, practice, or custom was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). The Court dismisses the claim against the Skagit County Justice Center with prejudice.

The Court also dismisses Mr. Derrick's claim against Skagit County Prosecuting Attorney Weyrich with prejudice because Mr. Weyrich has prosecutorial immunity from liability for damages under Section 1983. Dkt. No. 42 at 7; *see also French v. Carlson*, 368 F. App'x 839, 840 (9th Cir. 2010); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that prosecutors are entitled to absolute immunity under section 1983 for conduct that is "intimately associated with the judicial phase of the criminal process").[1] Mr. Derrick does not allege any conduct that falls outside the scope of that immunity or dispute the applicability of prosecutorial immunity in his objections. *See generally* Dkt. No. 8; *see also* Dkt. No. 33 at 3; Dkt. No. 38 at 2, 4.

Mr. Derrick's objections also rehash his arguments that the Public Defender's Office denied his request to change attorneys and delayed his case without his consent, Dkt. No. 33 at 3; Dkt. No. 38 at 4–5; Dkt. No. 44 at 2; Dkt. No. 44-1 at 2, but he does not dispute that the attorneys were performing traditional legal functions and not acting under color of state law, *Polk Cnty. v.*

---

[1] Even if Mr. Derrick's claims against the prosecutor and the public defenders were not subject to dismissal, they could implicate the *Younger* abstention doctrine because his criminal proceedings are ongoing. *See Younger v. Harris*, 401 U.S. 37, 45–46 (1971).

*Dodson*, 454 U.S. 312, 320–21, 325 (1981) (dismissing Section 1983 claims because even if public defenders are paid by the state, they do "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Mr. Derrick contends that Ms. Brine has done nothing but continue his case, Dkt. No. 8 at 7–8; Dkt. No. 38 at 4, but whether public defenders "acted deficiently is irrelevant to whether they were acting as state actors." *Robinson v. San Bernardino Cnty.*, No. 5:18-cv-00906 VAP (ADS), 2019 WL 2616941, at *7 (C.D. Cal. May 3, 2019), *report and recommendation adopted*, 2019 WL 2613454 (C.D. Cal. June 24, 2019), *aff'd*, 815 F. App'x 218 (9th Cir. 2020). Public defenders performing traditional lawyer roles are not state actors, even when they carry out their duties in an unsatisfactory and untimely way. *Payne v. Merced Cnty. Pub. Def.'s Off.*, No. 1:22-cv-00157-BAM, 2024 WL 129865, at *4 (E.D. Cal. Jan. 11, 2024) (public defenders not state actors for purposes of Section 1983 "to the extent they are alleged to have engaged in traditional lawyer functions, such as failing to inform Plaintiff of his right to a speedy trial" and "failing to timely bring Plaintiff's Sexually Violent Predator Act ('SVPA') petition to trial"); *see also Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2002) (en banc) (a public defender who "did essentially nothing" was not a state actor even if his "conduct was deficient and to the detriment of his client"). Thus, even if Ms. Brine did nothing but seek continuances as Mr. Derrick alleges, she was not acting under color of state law, and the Court dismisses Mr. Derrick's claim against her without leave to amend.

Although the County Defendants analyze Ms. Brine's and Mr. Richards' liability together, Dkt. No. 26 at 7–8, their conduct is distinct. Mr. Derrick's complaint does not allege that Mr. Richards represented him in a deficient manner like Ms. Brine allegedly did. Rather, he contends that Mr. Richards denied his request to appoint a different public defender to represent him. Dkt. No. 8 at 7–8. Although public defenders may be acting under state law when they perform administrative functions such as making hiring and firing decisions on behalf of the state, *Polk*

*Cnty.*, 454 U.S. at 324–25, such administrative functions do not include decisions on staffing individual cases that are "measured and controlled by legal professional standards," *Robinson*, 2019 WL 2616941, at *8. *See also Miller v. Cate*, No. 1:11-cv-01111-LJO-GBC (PC), 2011 WL 4356158 at *1, 3 (E.D. Cal. Sept. 16, 2011) (dismissing with prejudice Section 1983 claim against public defender supervisor who "was aware of the incompetence of [the public defender] and did nothing to remove" that attorney from plaintiff's case), *report and recommendation adopted*, 2011 WL 5837867 (E.D. Cal. Nov. 21, 2011).[2] Because Mr. Richards was not acting under color of state law when he denied Mr. Derrick's request for a different public defender, the Court dismisses Mr. Derrick's claim against him without leave amend.

**F.     The Court Dismisses Defendants Marlow, Williams, Kness, Salinas, and Tullius With Leave to Amend**

The Court finds that, as Judge Fricke explained, Mr. Derrick has failed to allege any facts regarding Defendants Marlow, Williams, and Kness. Dkt. No. 42 at 9–12. His objections to the R&Rs assert new facts related to his confinement, Dkt. No. 33 at 1–3; Dkt. No. 38 at 3–4; Dkt. No. 44-1 at 1–2; Dkt. No. 44-2 at 1–3, but when deciding a motion to dismiss, the Court cannot consider facts and allegations that are not in the complaint absent exceptions not present here. *See, e.g.*, *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."); *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *see also Tejada v. Delbaso*,

---

[2] Because Mr. Derrick is alleging that Mr. Richards violated his rights through a failure to act, he must also show that Mr. Richards was "on actual or constructive notice that [his] omission would likely result in a constitutional violation." *Tsao*, 698 F.3d at 1145 (cleaned up). Mr. Derrick has not alleged that Mr. Richards had notice that his refusal to replace Ms. Brine because she would "not do [any]thing [Mr. Derrick] asked" would result in a constitutional violation. Dkt. No. 8 at 7.

No. 3:18-CV-1096, 2022 WL 1275777, at *2 (M.D. Pa. Apr. 28, 2022) (a plaintiff cannot "raise a new legal theory for the first time in objections to a report and recommendation or otherwise amend a complaint in his objections"). The Court therefore dismisses Defendants Marlow, Williams, and Kness for failure to state a claim but allows Mr. Derrick leave to amend because it is possible that he can cure his claims against them by alleging additional facts.

The Court also agrees with Judge Fricke that Mr. Derrick's complaint does not allege that he made Mr. Salinas aware of his knee issues or his difficulty with sleeping on the top bunk, and therefore he has not shown that Mr. Salinas was deliberately indifferent to his needs. Dkt. No. 42 at 11. And the Court agrees that the complaint does not identify Ms. Tullius's role in Mr. Derrick's health care and the termination of his medication. *Id.* at 13. Therefore, Mr. Derrick has not stated a claim against Mr. Salinas or Ms. Tullius, and the Court dismisses his claims against them with leave to amend.

### III.  CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Fricke's Reports and Recommendations, Dkt. Nos. 32, 42, and OVERRRULES Mr. Derricks' objections, Dkt. Nos. 33, 36, 38, 44. Mr. Derrick's complaint is dismissed, and he may file an amended complaint within 30 days of the date of this Order remedying the deficiencies identified by Judge Fricke and this Order. However, he is not permitted to refile his Section 1983 claim against the State of Washington, the Skagit County Justice Center, or Defendants Brine, Richards, and Weyrich; his Section 1983 claim against those Defendants is dismissed with prejudice.

An amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Mr. Derrick

believes support each claim, and the specific relief requested. If a proper amended complaint is not filed within thirty (30) days of the date of this Order, the case will be closed.

Mr. Derrick has requested "a copy of rules or guidelines of civil complaints 'handbook' or rule book of civil complaint," Dkt. No. 44-3 at 1, so the Clerk is directed to send him this District's Pro Se Guide. *See* W.D. Wash., Pro Se Guide to Filing Your Lawsuit in Federal Court (revised December 2023).[3] Mr. Derrick should also review Federal Rule of Civil Procedure 8 regarding the requirements for complaints.

The Clerk is further directed to send uncertified copies of this Order to all counsel of record and to Mr. Derrick at his last known address.

Dated this 10th day of May, 2024.

*Lauren King*

Lauren King
United States District Judge

---

[3] https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf